IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

MARSHA EVANS, individually, as
Administratrix of the ESTATE OF
TYLER EVANS, and as the Natural
Parent and Next Friend of MICAH
EVANS,

    Plaintiff,

v.                                      Civil Action No. 2:06-00995

CHRISTIAN JAVIER SANCHEZ
RUBIO a/k/a Jose C. Madrigal, an
incarcerated individual; MARVIN
NAVARRO; TONEY'S AUTO
SALES, a Kentucky entity; and
TERRY EVANS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Terry Evans' Motion to Exclude and or Limit the Testimony of Daniel Aerni and Lt. Jess Bailes, and in the alternative, Motion to Extend Deadline for Disclosure of Expert Witnesses.  (Doc. No. 87.)  Having reviewed the record and applicable law and for the reasons outlined below, the court denies Mr. Evans' Motion to Exclude and or Limit the Testimony of Daniel Aerni and Lt. Jess Bailes and grants Mr. Evans' Motion to Extend Deadline for Disclosure of Expert Witnesses.

## I.   Factual and Procedural Background

On March 9, 2007, Tony's Auto Sales filed a Motion for Leave to File a Third Party Complaint.  (Doc. No. 40.)  The motion was granted on March 30, 2007.  (Doc. No. 45.)  That same day, Tony's

Auto Sales filed its Third Party Complaint against Terry Evans alleging that he failed to place his four year old son, Tyler Evans, in a booster seat in the rear of the cab, and that said failure constitutes unlawful neglect and negligence.  (Doc. No. 46.)  As relief Tony's Auto Sales seeks contribution and indemnity from Mr. Evans for his pro-rata share of fault.  (Id. at 4.)

On May 22, 2007, this court issued an Amended Scheduling Order directing all parties bearing a burden of proof to file an expert witness list by August 13, 2007, and directing all parties not bearing a burden of proof to file an expert witness list by September 13, 2007.  (Doc. No. 59.)  Tony's Auto Sales filed its entire expert witness list on September 13, 2007, (Doc. No. 85) believing that it did not have the burden of proof with regard to the claims set forth in its Third Party Complaint (Doc. No. 93 at 2).  Mr. Evans did not file his expert witness list.

On September 18, 2007, Mr. Evans filed his Motion to Exclude and or Limit the Testimony of Daniel Aerni and Lt. Jess Bailes, and in the alternative, Motion to Extend Deadline for Disclosure of Expert Witnesses.  (Doc. No. 87.)  There, Mr. Evans argues that Tony's Auto Sales bears the burden of proving the claims set forth in its Third Party Complaint and that failure to procure an expert witness list within the time frame set by the court significantly prejudiced him in complying with his obligation to

file an expert witness list by September 13, 2007. (Doc. No. 88 at 5-7.)

Tony's Auto Sales filed its Response In Opposition on September 20, 2007, stating that it had no objection to the court allowing Mr. Evans additional time to identify an expert witness. (Doc. No. 93 at 3.) The time within which Mr. Evans was required to file a reply has elapsed. S.D. W. Va. Local Rule 7.1(c). Consequently, the motion is now ripe for adjudication.

**II. Analysis**

    **A. Motion to Exlude**

A party who without substantial justification fails to disclose information in compliance with Rule 26(a) "shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). The determination of whether a Rule 26(a) violation is substantially justified or harmless is entrusted to the broad discretion of the district court. Rambus, Inc. v. Infineon Techs. AG, 145 F. Supp. 2d 721, 726 (E.D. Va. 2001)(citing Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir. 1996); Adalman v. Baker, Watts & Co., 807 F.2d 359, 369 (4th Cir. 1986)).

In exercising that discretion, a district court is guided by the following factors: (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the

party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony.  Southern States Rack and Fixture, Inc., v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003)(citing Burlington Ins. Co. v. Shipp, No. 98-2722, 2000 WL 620307, *4 (4th Cir. May 15, 2000)(unpublished disposition)).

Here Tony's Auto Sales mistakenly believed that it did not have the burden of proving the claims set forth in its Third Party Complaint against Mr. Evans.  (Doc. No. 93 at 3.)  In West Virginia, the defendant bears the burden of proving contributory negligence unless it is disclosed by the plaintiff's evidence or may be fairly inferred by all of the evidence and circumstances surrounding the case.  Rowe v. Sisters of Pallottine Missionary Soc'y, 560 S.E.2d 491, 498 (W. Va. 2001).  Because of the above stated contingency, the court finds Tony's Auto Sale's tardy disclosure to be understandable.  Furthermore, the court finds the tardy disclosure to be easily curable and, therefore, harmless.

Accordingly, the court denies Mr. Evans' Motion to Exclude and or Limit the Testimony of Daniel Aerni and Lt. Jess Bailes. (Doc. No. 87.)

### B.   Motion to Extend

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, a district court, for cause shown, may enlarge the time within which an act was required to be done if the request is made before the expiration of the period originally prescribed.  Where a motion to enlarge is made after the expiration of the period originally prescribed, a district court may enlarge the time within which the act was required to be done, if the failure to act was the result of excusable neglect.  Fed. R. Civ. P. 6(b)(2).

In determining whether a party has shown excusable neglect, a district court should consider:  (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.  Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 533 (4th Cir. 1996); see also Bowen v. Boles, 258 F. Supp. 111 (N.D. W. Va. 1966).  The most important factor is the reason for the delay.  Thompson, 76 F.3d at 534.  Merely establishing these elements does not entitle a party to relief; rather, "whether to grant an enlargement of time still remains committed to the discretion of the district court."  Id. at 532 n.2.

Here, the reason Mr. Evans has not yet disclosed his expert witness list is the month-long delay of Tony's Auto Sales in

disclosing its expert witness list.  The court finds this reason compelling and finds that Mr. Evans has acted in good faith in bringing his motion to extend.  (See Doc. Nos. 87-2, 87-3, and 87-4.)  Accordingly, the court grants Mr. Evans' Motion to Extend Deadline for Disclosure of Expert Witnesses. (Doc. No. 87.)

Mr. Evans shall make the disclosures of information required by Rule 26(a)(2)(A) and (B) to all other parties or their counsel no later than October 15, 2007.  No later than October 31, 2007, all parties shall provide the disclosures required by Rule 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under Rule 26(a)(2)(A) and (B).  The provisions of the court's previous scheduling order (Doc. No. 59) not altered by this Memorandum Opinion and Order shall remain in effect unless subsequently amended.

### III. Conclusion

For the reasons outlined above, the court **DENIES** Mr. Evans' Motion to Exclude and or Limit the Testimony of Daniel Aerni and Lt. Jess Bailes and **GRANTS** Mr. Evans' Motion to Extend Deadline for Disclosure of Expert Witnesses. (Doc. No. 87.)

The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** this 9th day of October, 2007.

ENTER:

David A. Faber
United States District Judge